Walter T. Clark (SBN 53303)
Dan C. Bolton (SBN 104236)
WALTER CLARK LEGAL GROUP
A Professional Corporation
76-861 Highway 111
Rancho Mirage, CA  92270
Tel: (760) 862-9254
Fax: (760) 862-1121

Attorneys for Plaintiff
Johnathin James Onello

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOHNATHIN JAMES ONELLO

Plaintiff,

v.

SHERIFF CHAD BIANCO, in his individual and official capacities, COUNTY OF RIVERSIDE, a public entity; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 25,

Defendants

**Case No.  5:25-cv-02703-MEMF-DTB**

(to be related to 5:25-cv-02298-MEMF-DTB and 5:26-cv-02733)

**NOTICE OF RELATED CASES**

**[Local Rule 83-1.3.1]**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

In accordance with Local Rule 83-1.3.1, Plaintiff Johnathin James Onello files this Notice of Related Cases. The following three cases (1) arise from closely related events, (2) call for a determination of the same or substantially identical questions of law and fact and (3) would entail substantial duplication of labor if heard by different judges.

1. *Estate of Clifford W. Mathews, et al., v. Sheriff Chad Biano, et al.,* United States District Court Case No. 5:25-cv-02298-MEMF-DTB [*Mathews*]. The case is assigned to Hon. Maame Ewusi-Mensah Frimpong.  At issue in the *Mathews*

<div style="margin-left: 2em">WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121</div>

case are the civil rights of detainees at Riverside County jails and the failure of Defendants Riverside County, Riverside County Sheriff's Department, and Sheriff Chad Bianco to provide necessary medical care, in violation of the Fourteenth Amendment. The plaintiffs in *Mathews* advance a claim for the wrongful death of pre-trial detainee Clifford Mathews, who died while in custody of the Riverside County Sheriff's Department as a result of Defendants' conduct.

2. *Johnathin James Onello v. Sheriff Chad Bianco, et al.,* United States District Court 5:25-cv-02703-MEMF-DTB. [*Onello*]. The case is assigned to Hon. Maame Ewusi-Mensah Frimpong. In this case, Plaintiff Onello alleges that Defendants Riverside County, Riverside County Sheriff's Department, and Sheriff Chad Bianco failed to provide necessary medical care and failed to protect plaintiff from harm, in violation of the Eighth and Fourteenth Amendments. Plaintiff Onello advances a claim for his personal injuries resulting from Defendants' treatment of him while in custody of the Riverside County Sheriff's Department.

*Onello* was previously related to *Mathews*. *See* Dkt. 15 (Notice of Related Cases) in *Mathews* and Dkt. 16 (Order Re Transfer) in *Onello*.

3. *Crystal Marie Hancock v. Sheriff Chad Bianco, et al.* United States District Court Case No. 5:26-cv-02733 [*Hancock*]. A copy of the Complaint in *Hancock* is attached hereto as Exhibit 1. In this case, Plaintiff Hancock alleges that Defendants Riverside County, Riverside County Sheriff's Department, and Sheriff Chad Bianco failed to provide necessary medical care and failed to protect plaintiff from harm, in violation of the Eighth and Fourteenth Amendments. Plaintiff Hancock advances a claim for her personal injuries resulting from Defendants' treatment of her while in custody of the Riverside County Sheriff's Department.

///

///

///

///

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

2

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

**I. Hancock Should Be Related to Mathews and Onello Because the Cases Arise out of the Same Nucleus of Facts and Involve the Same Legal and Factual Issues.**

The cases of (1) *Estate of Clifford W. Mathews, et al. v. Sheriff Chad Bianco, et al.*, (2) *Johnathin James Onello v. Sheriff Chad Bianco, et al.,* and (3) *Crystal Marie Hancock v. Sheriff Chad Bianco, et al.* arise from closely related events and call for determination of similar questions of law and fact. In particular, the cases pertain to the mistreatment of inmates while in the custody of Riverside County Sheriff's Department at Riverside County jails.

The cases of *Mathews, Onello,* and *Hancock* challenge the constitutionality of Defendants Riverside County, Riverside County Sheriff's Department, and Sheriff Chad Biano's policies, customs, and practices with respect to a) the provision of necessary and urgent medical care to inmates, and b) the protection of inmates from harm.  The plaintiffs in all three cases allege that Defendants failed to provide necessary medical care to inmates in Defendants' custody, resulting in death and near-death personal injury, respectively.

The *Mathews, Onello,* and *Hancock* cases involve a number of identical legal issues and advance the same federal and state causes of action: (1) Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C §1983); (2) Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. §1983); (3) Policies, Customs, Practices Causing Constitutional Violations (*Monell,* 42 U.S.C. §1983); and (4) Supervisory Liability Causing Constitutional Violations (Failure to Properly Train, Supervise, and Discipline, 42 U.S.C. §1983), (5) Violation of California Government Code §844.6, (6) Violation of California Government Code §845.6, and (7) Violation of California Civil Code §52.1 (Bane Act). The differences in the remaining causes of action in the three cases arise because *Mathews* is a wrongful death action, and *Onello* and *Hancock* are personal injury actions.

3

NOTICE OF RELATED CASES

**II. In the Interests of Judicial Economy and Consistency, Hancock should be Related to Mathews and Onello.**

In light of the identical federal and state causes of action, and overlap of facts and legal issues (see attached complaints), Plaintiff Hancock submits that litigating these cases separately will create a substantial duplication of labor if heard by different judges, and judicial efficiency will be served by assigning the *Hancock* case to Hon. Maame Ewusi-Mensah Frimpong.

*Mathews* and *Onello* are both at an early stage of litigation (the First Amended Complaint in *Mathews* was filed on October 7, 2025; the Complaint in *Onello* was filed on October 14, 2025). Consequently, no prejudice or delay would result if the cases are related. Indeed, inconsistent rulings regarding the legal issues in the cases, including the constitutionality of the Defendants' conduct within Riverside County jails, may result if another judge is assigned to the *Hancock* case.

Accordingly, *Mathews, Onello,* and *Hancock* are Related Cases for the purposes of Local Rule 83-1.3.1.

DATED: May 21, 2026

Respectfully submitted,

WALTER CLARK LEGAL GROUP

By: */s/ Dan C. Bolton*
DAN C. BOLTON
Attorneys for Plaintiff

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

# EXHIBIT 1

Walter T. Clark (SBN 53303)
Dan C. Bolton (SBN 104236)
WALTER CLARK LEGAL GROUP
A Professional Corporation
76-861 Highway 111
Rancho Mirage, CA 92270
Tel: (760) 862-9254
Fax: (760) 862-1121

Attorneys for Plaintiff
Crystal Marie Hancock

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL MARIE HANCOCK,<br><br>　　　　　　Plaintiff,<br>　　　v.<br><br>SHERIFF CHAD BIANCO, in his individual and official capacities, COUNTY OF RIVERSIDE, a public entity; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 25,<br><br>　　　　　　Defendants. | **Case No.  5:26-cv-2733**<br><br>**COMPLAINT FOR DAMAGES**<br>1. Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C. § 1983);<br>2. Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. § 1983);<br>3. Policies, Customs Practices Causing Constitutional Violations (*Monell*, 42 U.S.C. § 1983);<br>4. Supervisory Liability Causing Constitutional Violations (Failure to Properly Train, Supervise and Discipline, 42 U.S.C.§ 1983);<br>5. Violation of California Government Code §844.6;<br>6. Violation of California Government Code §845.6;<br>7. Violation of California Civil Code §52.1 (Tom Bane Act);<br>8. Intentional Infliction of Emotional Distress;<br>9. Cruel and Unusual Punishment, Eighth Amendment Violation (42 U.S.C. §1983); and<br>10. Declaratory Relief (28 U.S.C. § 2201)<br><br>**DEMAND FOR JURY TRIAL** |

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

Plaintiff CRYSTAL MARIE HANCOCK alleges the following:

## **INTRODUCTION**

"An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.  In the worst cases, such a failure may actually produce physical 'torture or a lingering death' (citation omitted) …. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose (citation omitted). The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation.

*We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' (citation omitted) proscribed by the Eighth Amendment.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care.*"

*Estelle v. Gamble* (1976) 97 S.Ct. 285, 290-291 (emphasis added).

1.      This civil rights action seeks to establish the true and disturbing facts surrounding the horrific in-custody near-fatal injury of pretrial detainee Crystal Marie Hancock (the "Plaintiff"), who suffered a life-threatening illness while in-custody of the Riverside County Sheriff's Department at the Larry D. Smith Correctional Facility ("LDSCF") from February 9, 2026 through February 22, 2026. Denied critical and immediate medical care for hours while her pleas for help were repeatedly ignored, the Sheriffs in LDSCF showed a shocking and deliberate indifference to Plaintiff's serious medical needs—essentially torturing Plaintiff while she suffered enormous pain hour after hour—while wantonly and intentionally violating elementary standards of decency in violation of the Eighth Amendment and her civil rights.  LDSCF is operated by the Riverside County Sheriff's Department. This action also seeks to bring to public light the deliberate disregard for safety and protection carried out by the individual defendant in the present action.

///

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

2.     In 2022, eighteen (18) individuals died while incarcerated at the Riverside County Jails, the highest number for the County in the last fifteen (15) years. In response to these alarming numbers, the California Department of Justice launched an investigation into the Riverside County Sheriff's Department's unconstitutional patterns and practices resulting in the record-breaking in-custody deaths. The raw data and the per capita data make clear that the Riverside County Jails are a death sentence for any pretrial detainee.

3.     Indeed, in 2023, 2024, and 2025, the Riverside County Jails have continued to experience an alarming number of in-custody deaths, ranging from inmate-on-inmate violence and sexual assault to severely injured arrestees dying at intake to pretrial detainees not receiving the necessary medical care to treat chronic health conditions. The Riverside County Jails continue to take the lives of pretrial detainees who are subjected to cruel and inhumane treatment by custody and medical staff.[1]

4.     Long before Plaintiff's near-fatal injury that is the subject of this complaint, each of the individually named defendants from the County of Riverside and the Riverside County Sheriff's Department knew that there existed a great indifference to the safety and protection of the inmates who were in the government's custody within the Riverside County correctional facilities, including Cois M. Byrd Detention Center, Robert Presley Detention Center, Larry D. Smith Correctional Facility, the Blythe Jail, and Benoit DC.

///

[1] Indeed, on April 22, 2024, RCSD Corrections Captain Alyssa Vernal sent an email to the corrections sergeants. The email was sent in response to Mr. Ramos and Mr. Price's 2024 in-custody deaths, and it served to admonish the sergeants for not complying with proper jail policies and procedures. The email read, in relevant part: "Sergeants, last week we had a suicide and last night an OD. In assisting in security checks and reviewing DVR, it has become obvious we are not keeping house or following the rules we should be."

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

3
COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

5. The defendants named in the present lawsuit were repeatedly put on notice of the great dangers which existed within the Riverside County correctional facilities through the long history of in-custody deaths; the inmate-on-inmate violence which permeated the jails; the record-breaking amount of fentanyl overdoses throughout all Riverside County correctional facilities; the federal class action *Quinton Gray, et al. v. County of Riverside*, case number 13-0444 VAP (OPx) (C.D. Cal.) (hereinafter the "*Gray* Class Action") targeting the Riverside County Sheriff's Department custody and medical staff's deliberate indifference to the safety and protection of inmates; the warnings from neutrally-selected experts regarding the Riverside County Sheriff's Department's custody and medical staff's failures amounting to constitutional violations; a court ordered Consent Decree directing the Riverside County Sheriff's Department to implement a Remedial Plan to meet the minimum level of health care necessary to fulfill the Riverside County Sheriff's Department's obligations under the Eighth and Fourteenth Amendments; and through a voluntarily entered Settlement Agreement which required that the Riverside County Sheriff's Department remedy all of the deficiencies addressed in the *Gray* class action.

6. Despite this long history of complete disregard to inmate safety and protection, each of the individually named defendants in this lawsuit deliberately failed to take even modest actions to prevent in-custody violence and deaths at the Riverside County correctional facilities. Thus, by the time Plaintiff was taken into custody and placed at LDSCF, the jail was infested with endemic, ongoing, and unabated risks of injury or death to inmates – risks which indeed resulted in the Plaintiff's near-death illness from February 9, 2026, through February 22, 2026.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws

and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

8. This Court has the authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201, as well as Federal Rules of Civil Procedure 57, including pursuant to the Court's inherent equitable powers.

9. Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiff's claims occurred within this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES/PENDANT CLAIMS

10. Plaintiff has complied with the California Tort Claims Act requirements with respect to her claims arising under state law.

11. With respect to the supplemental state claims, Plaintiff requests that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims, as they arise from the same facts and circumstances which underlie the federal claims.

## PARTIES

12. Plaintiff, Crystal Marie Hancock, is a 43-year-old woman who is and was, at all times relevant hereto, a resident of the County of Riverside. At the time of her illness, Plaintiff was a pretrial detainee at LDSCF.

13. Defendant COUNTY OF RIVERSIDE (hereinafter also "COUNTY") owns, operates, manages, directs and controls Defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT (hereinafter also "RCSD"), also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including RCSD employees and the Correctional Health Services (hereinafter also

5
COMPLAINT FOR DAMAGES

"CHS") employees, complied with the laws and the Constitutions of the United States and of the State of California. Defendant COUNTY, through RCSD and CHS, is and was responsible for ensuring the protection and safety of all persons incarcerated at the RCSD correctional facilities, including the Cois M. Byrd Detention Center (hereinafter "CBDC"), Robert Presley Detention Center (hereinafter "RBDC"), Larry D. Smith Correctional Facility (hereinafter "LDSCF"), John J. Benoit Detention Center (Benoit DC), and the Blythe Jail (hereinafter collectively "COUNTY Jails").

14. Defendant SHERIFF CHAD BIANCO ("SHERIFF BIANCO"), at all times mentioned herein, is and, since November 6, 2018, has been the Sheriff-Coroner of Defendant COUNTY OF RIVERSIDE, the highest position in the COUNTY Jails. As Sheriff, Defendant SHERIFF BIANCO is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all COUNTY Jails' employees and/or agents. Defendant SHERIFF BIANCO is and was charged by law with oversight and administration of the COUNTY Jails, including ensuring the safety of the inmates housed therein. Defendant SHERIFF BIANCO also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the COUNTY Jails alleged herein were committed. Defendant SHERIFF BIANCO is being sued in his individual and official capacities.

15. Defendants COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and SHERIFF BIANCO will also hereinafter be referred to collectively as the "COUNTY DEFENDANTS".

16. The identities, capacities, and/or nature of involvement of the defendants sued as DOES 1 through 25 are presently unknown to the Plaintiff, who therefore sues these defendants by fictitious names. Plaintiff is informed, believes, and thereupon alleges that DOES 1 through 25 include individual law enforcement personnel and medical personnel employed by the RCSD and the COUNTY

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

Correctional Health Services, and that they were involved in some manner and are legally responsible for the wrongful acts and conduct alleged herein. At all relevant times, certain of the DOES 1 through 25 were managerial, supervisorial, training, and/or policymaking employees of Defendant COUNTY Correctional Health Services. At the time of the incident, such DOES were acting under the color of law within the course and scope of their duties as employees for the COUNTY Correctional Health Services. They had supervisorial authority over other DOES 1-25 and the COUNTY Correctional Health Services employees at the COUNTY Jails. Such DOES were acting with the complete authority and ratification of their principal, Defendant COUNTY. Plaintiff will amend this complaint to substitute the DOE Defendants' true names and capacities when they have been ascertained. Plaintiff is informed, believes, and thereupon alleges that each DOE defendant is a resident of California. On information and belief, DOES 1 through 25 were and still are residents of the County of Riverside, California. DOES 1 through 25 are sued in both their individual and official capacities.

17. Each of Defendants, including the DOE Defendants, caused, and is responsible for, the unlawful conduct and resulting injuries suffered by Plaintiff by, among other things, personally participating in the unlawful conduct, acting jointly, or conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting in motion policies, plans, or actions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct; by failing and refusing to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

18. Plaintiff is informed and believes and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that

7

COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

relationship. Plaintiff is further informed and believes and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

19. Plaintiff is informed, believes, and thereupon alleges that, at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

20. In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

21. In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

## FACTUAL ALLEGATIONS COMMON TO
## ALL CAUSES OF ACTION

22. On or about February 9, 2026, Plaintiff was detained for a minor and non-violent offense, and taken to LDSCF. At LDSCF, Plaintiff was detained in a dormitory with about fourteen other women.

23. During her detention, Plaintiff began to experience severe stomach pain. No medical treatment was provided at LDSCF. Plaintiff asked to be taken to the hospital. A jail nurse refused.

24. On February 14, 2026, Plaintiff was eventually transported to San Gorgonio Memorial Hospital, in shackles. During the transportation, the presence of shackles on her stomach caused Plaintiff further pain. Plaintiff pleaded to have the shackles on her stomach removed. The corrections officers refused to remove the shackles around her stomach, and in fact, shackled her to the bed.

///

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

25.     At the hospital, the physicians immediately ordered that the shackles be removed from around Plaintiff's stomach as they were causing further damage. It was determined that a duodenal ulcer had burst in Plaintiff's small intestine. Plaintiff underwent emergency surgery and remained in the hospital for five days.

26.     After the surgery, Plaintiff continued to experience blood in her urine. She was told by the physician that she should be transferred to Riverside Regional Hospital to address the underlying problem, but the officers refused.

27.     On February 19, 2026, Plaintiff was taken back to LDSCF despite the ongoing presence of blood in her urine.  Plaintiff was given discharge instructions by her physicians.

28.     Upon her return to LDSCF, the corrections officers confiscated the medical discharge instructions and prescription medications that Plaintiff received from the hospital.  At LDSCF, Plaintiff was not provided the full course of antibiotics.  The nurses at LDSCF refused to provide Plaintiff her prescribed antibiotics or any appropriate medication.

29.     On February 22, 2026, Plaintiff was released from custody at LDSCF. She was not provided her discharge instructions, medications, nor were other personal items, including rings and her driver's license, returned to her.

30.     Following her release, Plaintiff experienced a serious worsening of her condition, including infection and abscess formation requiring additional surgical intervention.

31.     On February 23, 2026, Plaintiff returned to the emergency department at San Gorgonio Memorial Hospital.  At the hospital, she was asked why she was not taking the previously prescribed antibiotics.  Plaintiff had not been able to take the antibiotics because they had been confiscated at LDSCF.

32.     The following day, she was transferred to Desert Regional Medical Center.  Plaintiff was in extreme pain and had lost control of her bowels.  On

COMPLAINT FOR DAMAGES

February 25, 2026, Plaintiff underwent surgery for her abscess. She was released from Desert Regional Medical Center on February 27, 2026.

33. Plaintiff endured extreme physical pain, prolonged suffering, and loss of bodily control, including loss of bowel control, and scarring.

34. Plaintiff also suffered and continues to suffer serious emotional distress, including fear, anxiety, and trauma associated with being denied necessary medical care while in custody.

35. Plaintiff has incurred medical expenses and will continue to incur medical care costs, the full extent of which is not yet known, and has suffered general damages according to proof.

36. At the time of her illness and injuries, Plaintiff was a pre-trial detainee and therefore, was innocent until proven guilty.

37. Plaintiff's timely and properly filed tort claims with the County of Riverside pursuant to California Government Code sections 910, *et seq.*, and this action is timely filed within all applicable statutes of limitation.

38. This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

## FACTUAL ALLEGATIONS COMMON TO
## *MONELL* AND SUPERVISORIAL CAUSES OF ACTION

39. Based upon the principles established in *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 98 S.Ct.2018, 56 L.Ed.2d 611 (1978) [***Monell***], Defendants are liable for all injuries sustained by Plaintiff as set forth herein. In *Monell*, the Supreme Court held that municipalities were "persons" under § 1983 and thus could be held liable for causing a constitutional deprivation. The Court in *Monell* explained that, while a municipality may not be held liable under § 1983 for the torts of its employees on a theory of respondeat superior, liability may attach where the municipality *itself* causes the constitutional violation through the execution of an official policy, practice, or custom (*Monell,* at 690-691).

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

10
COMPLAINT FOR DAMAGES

40. To establish municipal liability under *Monell,* a plaintiff must prove: (1) that [the plaintiff] possessed a constitutional right of which she was deprived; (2) that the municipality had a policy/custom/practice; (3) that this policy/custom/practice amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy/custom/practice is the moving force behind the constitutional violation. (*Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir, 2011)). The policy/custom/practice "need only cause the constitutional violation; it need not be unconstitutional per se." (*Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994)). Recognized paths to *Monell* liability include: (1) an unconstitutional custom, practice or policy behind the violation of rights; (2) a deliberately indifferent omission, such as a failure to train or failure to have a needed policy; and (3) a final policy-maker's involvement in or ratification of the conduct underlying the violation of rights. (*Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-1250 (9th Cir. 2010)).

**A. THE COUNTY Jails Experienced Their Deadliest Year in 2022.**

41. In 2022, Defendant RCSD's Jails have resulted in eighteen (18) in-custody deaths. Prior to 2022, the COUNTY had not logged more than twelve (12) such deaths in any year since 2005.[2]

42. Less than three years prior to Plaintiff's near-fatal in-custody injury, there were eighteen (18) in-custody deaths within the COUNTY Jails during the 2022 calendar year:

    a. Alicia Upton (Date of Loss: April 28, 2022; Manner of Death: "Suicide")

    b. Abel Valencia Cruz (Date of Loss: May 1, 2022: Manner of Death: "Natural")

---

[2] *See* State of California Department of Justice Press Release: "Attorney General Bonta Launches Civil Rights Investigation into Riverside County Sheriff's Office," February 23, 2023, available at https://oag.ca.gov/news/press-releases/attorney-general-bonta-launches-civil-rights-investigation-riverside-county

COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

c. Justin Kail (Date of Loss: May 17, 2022; Manner of Death: "Accident-Overdose")

d. Brawn Lamar Hampton (Date of Loss: May 26, 2022; Manner of Death: "Natural")

e. Michael Vasquez (Date of Loss: May 26, 2022; Manner of Death: "Accident-Overdose") [3]

f. Yareth Villagomez (Date of Loss: June 20, 2022; Manner of Death: "Accident-Overdose")

g. Richard Edward Biscotti (Date of Loss: July 11, 2022; Manner of Death: "Natural")

h. Richard Matus Jr. (Date of Loss: August 11, 2022; Manner of Death: "Accident-Overdose")

i. Abel Anthony Chacon (Date of Loss: August 25, 2022; Manner of Death: "Accident-Overdose")

j. Octavio Zazueta (Date of Loss: August 26, 2022; Manner of Death: "Accident-Overdose")

k. Gary Roy Haneline (Date of Loss: August 27, 2022; Manner of Death: "Natural")

l. Mario Solis (Date of Loss: September 3, 2022; Manner of Death: "Accident") [4]

---

[3] Pretrial detainee Michael Vasquez was just 20 years old at the time of his death. He had been in the facility for only (6) six days prior to being exposed to the dangers and risks permeating the CBDC, all of which ultimately resulted in his death.

[4] Notably, while the COUNTY DEFENDANTS have reported to the Department of Justice that pretrial detainee Mario Solis' death was an "accident," what is known through the Coroner's Investigative Narrative and Autopsy Report is that Mr. Solis was indeed in a safety cell (i.e., cells intended for suicidal inmates) an ingested multiple foreign objects, including a pencil, toothbrush, and plastic bags with soap. Mr. Solis ultimately died due to the pencil puncturing his right jugular vein. Upon information and belief, the COUNTY DEFENDANTS have attempted to classify

12

COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

m. Kaushal Niroula (Date of Loss: September 6, 2022; Manner of Death: "Strangulation")[5]

n. Robert Louis Robinson (Date of Loss: September 7, 2022; Manner of Death: "Suicide/Hanging")

o. Ulyses Munoz Ayala (Date of Loss: September 29, 2022; Manner of Death: "Homicide Willful")[6]

p. Cynthia Heredia (Date of Loss: October 13, 2022; Manner of Death: "Pending")

q. Katie Patton (Date of Loss: November 20, 2022 Manner of Death: "Pending")

r. Ronald Cook (Date of Loss: December 12, 2022 Manner of Death: "Pending")

43. The deaths include six (6) overdoses, two (2) homicides resulting from inmate-on-inmate violence, three (3) suicides, four (4) natural cause deaths, and three (3) pending.

44. The Defendants' deliberate indifference towards protecting pretrial detainees from hazards resulted in illegal drugs permeating the COUNTY Jails. According to James Krachmer, Former Chief Deputy at Riverside County Sheriff's

---

this death as an "accident" in an effort to absolve themselves from liability arising from a suicidal pretrial detainee who is housed in a safety cell, but is nevertheless able to access such hazardous objects to commit suicide. What is more is that Mr. Solis' family was not notified about his death until six (6) days had passed.

[5] Decedent Kaushal Niroula was a transgender HIV-positive female inmate, who was brutally and repeatedly beaten and strangled by her cellmate, Ronald Sanchez—a convicted sex offender. Ms. Niroula was killed just three days before trial. Upon information and belief, Ms. Niroula had been assisting state and federal authorities to help uncover the illegal wiretapping at the COUNTY Jails.

[6] Pretrial detainee Ulyses Munoz Ayala was brutally killed by a *known* violent inmate, Erik Martinez, whom he was forced to share a cell with. *See* "Corona Man Killed In Riverside County Jail Cell" (The Sun, September 30, 2022), available at https://www.sbsun.com/2022/09/30/corona-man-killed-in-riverside-county-jail-cell/

13

COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

Office, from November 2021 through November 2022, the COUNTY Jails experienced 140 overdoses, with inmates overdosing at least twice a week within the COUNTY Jails.[7]

45. The Defendants' deliberate indifference towards pretrial detainees suffering from mental health issues resulted in several completed and attempted suicides. On November 23, 2022, pretrial detainee Charles Wall attempted suicide by jumping off the top tier of his housing module at RPDC. From November 19, 2022 through November 23, 2022, Mr. Wall made repeated requests for psychiatric care and medication. Mr. Wall suffered from schizophrenia and suicidal ideations, which was known to the COUNTY custody and medical staff given his prior attempts to commit suicide at RPDC in 2015, as well as his extensive medical and mental health history. These requests were ignored by the custody and medical staff. On November 23, 2022, Mr. Wall pled with a custody staffer, begging for an opportunity to speak with a psychiatrist. The custody staffer demanded to know why Mr. Wall needed to speak with a psychiatrist. When Mr. Wall hesitated, the custody staffer shouted, "Do what you gotta do! Stop pushing my fucking buttons or you're gonna give me a reason to come in!" Shortly thereafter, Mr. Wall attempted to die by suicide by jumping off the second story of his housing module.

**B. The COUNTY Jails Continued to Experience a Deadly Year in 2023.**

46. In 2023, Defendant RCSD's COUNTY Jails continued to experience a deadly year:

    a. On January 12, 2023, pretrial detainee Mark Spratt died as a result of injuries he suffered during a brutal attack by his cellmate at CBDC. According to inmates who perceived the attack, Mr. Spratt was physically and sexually assaulted by his cellmate for an

---

[7] *See* "Families Question Suspected Fentanyl Deaths of Loved Ones Behind Bars; Riverside Co. Sheriff Reacts" (Fox11 News, November 7, 2022), available at https://www.foxla.com/news/fentanyl-responsible-for-a-third-of-riverside-county-jail-deaths-in-2022-families-demand-answers

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

appreciable amount of time. At the conclusion of the assault, the cellmate proceeded to throw Mr. Spratt's body from the second tier of the housing module. Mr. Spratt was only 24 years old at the time of his death.

b. On February 5, 2023, pretrial detainee Christian Viramontes was found unresponsive in his cell at RPDC. Upon information and belief, Mr. Viramontes' death was caused by hazards permeating the RPDC. Mr. Viramontes was only 26 years old at the time of his death.

c. On February 6, 2023, pretrial detainee Jesus Rodriguez died in-custody due to injuries suffered during an arrest. An investigation into the manner and means of death remains pending.

d. On February 21, 2023, pretrial detainee Christian Drye died in-custody at a COUNTY hospital due to injuries suffered during an arrest. An investigation into the manner and means of death remains pending.

e. On March 11, 2023, pretrial detainee Asher Saunders was found unresponsive in his cell at CBDC. Upon information and belief, the death was caused by hazards permeating the CBDC. An investigation into the manner and means of death remains pending.

f. On May 26, 2023, pretrial detainee Ruben Guzman died following an undisclosed incident at JBDC. Upon information and belief, Mr. Guzman received numerous threats to his life by inmates and custody staff at the COUNTY Jails. Upon information and belief, Mr. Guzman was found unresponsive in a holding cell on May 22, 2023. He died four days later on May 26, 2023. While the RCSD's investigation into the manner and means of death remains pending,

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

an independent autopsy evidenced blunt force trauma to Mr. Guzman's head and upper body.

g. On July 5, 2023, Astrid Johnson, a 62-year-old man female inmate housed in the JBDC, died in-custody. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide Ms. Johnson with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "natural."

h. On August 14, 2023, Steven Crawford, 71-year-old pretrial detainee, was found unresponsive in his cell at JBDC. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide Mr. Crawford with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "natural."

i. On August 27, 2023, Tavea Starks-Walker, a 31-year-old pretrial detainee, was found unresponsive in his cell at CBDC. Upon information and belief, Mr. Starks-Walker's death was caused by hazards permeating the CBDC. An investigation into the manner and means of death remains pending.

j. On September 14, 2023, Tina Atchley, a 65-year-old pretrial detainee, was found unresponsive in her cell. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide Ms. Atchley with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "natural."

k. On September 14, 2023, Damon Beitz, a 46-year-old pretrial detainee, was found unresponsive in the intake area at RPDC. Hours prior to being found unresponsive, Mr. Beitz had been arrested by police officers from the Riverside Police Department. Upon information and belief, Mr. Beitz was physically assaulted by

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

16

COMPLAINT FOR DAMAGES

the Riverside Police Department police officers causing severe injuries to his person. Upon information and belief, Mr. Beitz's succumbed to those injuries while in-custody at the RPDC intake area due to the arresting police officers failing to provide Mr. Beitz with medical care, and due to the RCSD custody personnel and CHS medical personnel being deliberately indifferent towards Mr. Beitz obvious physical injuries. Nonetheless, the RCSD reported the manner of death to be "drug overdose."

l. On September 18, 2023, Jess Flores, a 46-year-old pretrial detainee, was found unresponsive in his cell at CBDC. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide Mr. Flores with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "natural."

m. On November 4, 2023, Charles Giurbino, a 58-year-old pretrial detainee, was found unresponsive in the intake area of CBDC. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide Mr. Giurbino with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "pending."

n. On December 13, 2023, Luke Hanchette, a 44-year-old pretrial detainee, was found unresponsive in his cell at RCSD. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide Mr. Hanchette with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "pending."

o. On December 15, 2023, Shaundale Booker, a 21-year-old pretrial detainee, was found unresponsive in his cell at RCSD. Upon information and belief, RCSD personnel and CHS medical

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

personnel failed to provide Mr. Booker with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "pending."

p. On December 17, 2023, Heather Hendy, a 29-year-old pretrial detainee, was found unresponsive in her cell at RCSD. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide Ms. Hendy with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "pending."

**C. In 2024, the COUNTY Jails Continued to Experience In-Custody Death Resulting from Egregious Failures on Behalf of the RCSD Custody Staff and the CHS Medical Staff.**

47. In 2024, the COUNTY Jails continued to take the lives of pretrial detainees who are subjected to cruel and inhumane treatment by RCSD custody staff and CHS medical staff:

a. On January 9, 2024, Richard Contreras, a 44-year-old pretrial detainee, succumbed to brain injuries in the hospital following a gruesome attack by his cellmate. Upon information and belief, Mr. Contreras had been physically assaulted by the same cellmate days prior and taken to the hospital. Upon returning to the RCSD from the hospital, Mr. Contreras was housed in the same cell with the same violent cellmate resulting in his death. Despite the RCSD custody personnel's deliberate failures in protecting Mr. Contreras from the violent inmate, the RCSD reported the manner of death to be "pending."

b. On April 16, 2024, Reynold Ramos, a 55-year-old pretrial detainee, was found unresponsive in his cell at the RPDC. Upon information and belief, an inmate observed Mr. Ramos fashioning a noose in an

18

COMPLAINT FOR DAMAGES

attempt to hang himself. The inmate proceeded to utilize the cell intercom to get the custody staff's attention, however, the custody staff ignored the intercom calls. Mr. Ramos was found 45 minutes later hanging from the noose. Nonetheless, the RCSD reported the manner of death to be "pending."

c. On April 19, 2024,[8] Mack Price, a 53-year-old pretrial detainee, was found unresponsive in his cell at CBDC. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide Mr. Price with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "pending."

d. On August 18, 2024, an unidentified 41-year-old male pretrial detainee was found unresponsive in a sobering cell at the CBDC. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "pending."

e. On September 5, 2024, 36-year-old pre-trial detainee Steve Gonzalez was assaulted with a deadly weapon by an inmate while in custody at LDSCF. Mr. Gonzalez died from the stab wound on September 7, 2024. Upon information and belief, RCSD inappropriately classified the assailant and mistakenly placed him with low-risk inmates. Nonetheless, the RCSD reported the manner of death to be "pending."

---

[8] Indeed, on April 22, 2024, RPDC Corrections Captain Alyssa Vernal sent an email to the RPDC sergeants. The email was sent in response to Mr. Ramos and Mr. Price's in-custody deaths, and it served to admonish the RPDC sergeants for not complying with proper jail policies and procedures. The email read, in relevant part: "Sergeants, last week we had a suicide and last night an OD. In assisting in security checks and reviewing DVR, it has become obvious we are not keeping house or following the rules we should be."

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

f. On October 4, 2024, 40-year-old Johnnie Curtis Stevens was found unresponsive inside his cell at Cois M. Byrd Detention Center. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "pending."

g. On March 30, 2025, 49-year-old Stephen Alan Frost was found unresponsive in his cell at Robert Presley Detention Center. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "pending."

h. On May 1, 2025, 53-year-old Michael Allen Weaver was found unresponsive in his cell at Cois M. Byrd Detention Center. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate medical care. Nonetheless, the RCSD reported the manner of death to be "pending."

i. On August 2, 2025, 31-year-old Christopher Martinez was transported from Smith Correctional to a local hospital where he eventually died. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate medical care. An investigation into the manner and means of death remains "pending."

j. On August 17, 2025, 36-year-old Daryl Flood was transported from Cois M. Byrd Detention Center to a local hospital where he eventually died. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

medical care. An investigation into the manner and means of death remains "pending."

k. On August 22, 2025, 46-year-old Ray Gonzalez was found unresponsive in his cell at Robert Presley Detention Center. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate supervision or medical care. Nonetheless, the RCSD reported the manner of death to be "pending" but indicated that "this incident appears to be a suicide."

l. On November 13, 2025, 61-year-old Michael Dupas was transported from Smith Correctional to a local hospital where he eventually died. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate medical care. An investigation into the manner and means of death remains "pending."

m. On December 29, 2025, 46-year-old Quadir Boykin was found unresponsive in his cell at Smith Correctional. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate supervision or medical care. Nonetheless, the RCSD reported the manner of death to be "pending".

In 2026, the RCSD County Jails continue to experience in-custody deaths resulting from egregious failures on behalf of the RCSD custody staff and medical staff:

n. On January 1, 2026, 19-year-old Ezekiel Cuenca-Torres was found unresponsive in his cell at Robert Presley Detention Center. Upon information and belief, RCSD personnel and CHS medical

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

personnel failed to provide the detainee with adequate supervision or medical care. Nonetheless, the RCSD reported the manner of death to be "pending" but indicated that "this incident appears to be a suicide."

o. On January 13, 2026, 38-year-old Joel Rodriguez was transported from Cois Byrd Detention Center to a local hospital where he eventually died. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate medical care. An investigation into the manner and means of death remains "pending."

p. On March 18, 2026, 62-year-old George Ortiz was transported from Smith Correctional to a local hospital where he eventually died. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate medical care. An investigation into the manner and means of death remains "pending."

q. On April 3, 2026, 35-year-old Maurice Landon Williamson was transported from Robert Presley Detention Center to a local hospital where he eventually died. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate medical care. An investigation into the manner and means of death remains "pending."

r. On April 24, 2026, 38-year-old Brian Waterman Williamson was transported from Robert Presley Detention Center to a local hospital, where he eventually died. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate medical care. An investigation into the manner and means of death remains "pending."

COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

s. On April 26, 2026, 48-year-old Robert Wayne Shingleton was found choking on food inside a housing unit at LDSCF. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate supervision or medical care. Nonetheless, the RCSD reported the manner of death to be "pending."

t. On April 28, 2026, an unidentified 43-year-old male inmate was pronounced deceased after an illness. Upon information and belief, RCSD personnel and CHS medical personnel failed to provide the detainee with adequate supervision or medical care. Nonetheless, the RCSD reported the manner of death to be "pending."

48. Furthermore, the Defendants' deliberate indifference towards protecting pretrial detainees from violence has resulted in numerous deaths and assaults at the COUNTY Jails. Upon information and belief, this indifference has resulted in the 2022-2024 deaths of Kaushal Niroula, Ulyses Munoz Ayala, Mark Spratt, Ruben Guzman and Richard Contreras, and the brutal sexual assault of a pretrial detainee in April of 2023 at the COUNTY Jails.

**D. RCSD Refuses to Comply with California Department Justice Mandates Regarding In-Custody Death Reporting Abating Transparency and Accountability.**

49. Despite the record-breaking in-custody deaths at the COUNTY Jails, and the suspicious circumstances surrounding the in-custody deaths, the COUNTY DEFENDANTS have refused to adhere to state mandates and regulations which were explicitly created to ensure accountability and transparency, including

California Government Code section 12525[9] and Title 15 Minimum Standards for Local Detention Facilities, section 1046 Death in Custody.[10]

50.    The COUNTY DEFENDANTS have refused to comply with these mandates which were enacted to provide transparency and accountability when inmates and prisoners die in-custody within California correctional facilities.

51.    The COUNTY DEFENDANTS reported some of the in-custody deaths six weeks after they occurred, despite the 10-day mandate.[11]

52.    The COUNTY DEFENDANTS provided inaccurate information to the Department of Justice, classifying the pretrial detainees, who had died in their custody as "sentenced" post-convicted prisoners.[12] Upon information and belief, this orchestrated misclassification of the pretrial status of the decedents was done purposely by the COUNTY DEFENDANTS so as to impose the Eighth

---

[9] *See* Cal. Gov. Code § 12525 ("In any case in which a person dies while in the custody of any law enforcement agency or while in custody in a local or state correctional facility in this state, the law enforcement agency or the agency in charge of the correctional facility shall report in writing to the Attorney General/DOJ, within 10 days after the death, all facts in the possession of the law enforcement agency or agency in charge of the correctional facility concerning the death.")

[10] *See* Title 15 Minimum Standards for Local Detention Facilities, Section 1046 Death ("The facility administrator, in cooperation with the health administrator, shall develop written policy and procedures to ensure that there is an initial review of every in-custody death within 30 days. The review team shall include the facility administrator and/or the facility manager, the health administrator, the responsible physician and other health care and supervision staff who are relevant to the incident.")

[11] *See* "Riverside Sheriff Failed to Report Inmate Deaths to State On time; Names of Dead Made Public" (Desert Sun, September 16, 2022), available at https://www.desertsun.com/story/news/crime_courts/2022/09/16/riverside-county-sheriffs-failed-report-inmate-deaths-state-time/8017820001/

[12] *Id.*

---

24

COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

Amendment higher degree of culpability standard, rather than the less stringent Fourteenth Amendment degree of culpability.[13]

### E. California Department of Justice Launched Patterns and Practices Investigation into Record Breaking In-Custody Deaths at the COUNTY Jails.

53.     On February 23, 2023, the California Department of Justice (DOJ) announced its decision to launch a formal investigation into Defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT's unconstitutional patterns and practices resulting in record-breaking in-custody deaths at the COUNTY Jails and the use of excessive force by sheriff's deputies, disproportionately affecting Latino and African American communities.[14] The raw data and the per capita data make clear that the COUNTY Jails are a death sentence for any pretrial detainee,

_____

[13] Pretrial detainees are perceived as innocent under the eyes of the law. Because they are mere detainees who are simply awaiting their day in court, the Constitution mandates that additional protective measures be put in place to ensure that the detainees are not harmed while in the government's custody. More specifically, the 14th Amendment requires that correctional facilities not be deliberately indifferent towards the detainees' safety and protection. *See Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018). Once an inmate has been convicted of a crime, they are deemed to be a post-conviction prisoner. While the Constitution too protects post-conviction prisoners, the 8th Amendment merely requires that the prisoners not be subjected to cruel and unusual punishment while in the government's custody. See *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). The end result is that the legal standard under which a civil rights lawsuit is premised upon is much higher and more difficult to prove for a post-conviction prisoner (i.e., subjective standard) rather than a pretrial detainee (i.e., objective standard). Upon information and belief, the COUNTY DEFENDANTS purposely classified the pretrial detainees as inmates who had already been "sentenced" in an effort to make it merely impossible for the families to establish liability because of the heightened standard of culpability imposed on civil rights cases filed by post-conviction prisoners.

[14] *See* State of California Department of Justice Press Release: "Attorney General Bonta Launches Civil Rights Investigation into Riverside County Sheriff's Office," February 23, 2023, available at https://oag.ca.gov/news/press-releases/attorney-general-bonta-launches-civil-rights-investigation-riverside-county

COMPLAINT FOR DAMAGES

some of whom have died just days after being booked.[15] For reference, San Diego County had 19 in-custody deaths in 2022, despite an average daily jail population of 500 more people than Riverside County.

54. During the press conference, the California Attorney General Rob Bonta expressed his grave concerns with regard to Defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT: "All Californians deserve fairness and respect from the institutions that serve them […]. When some communities don't see or feel they are being treated equitably by law enforcement, it contributes to distrust and hurts public safety. Unfortunately, it is clear that — amid concerning levels of in-custody deaths and allegations of misconduct — too many families and communities in Riverside County are hurting and looking for answers. As part of my office's ongoing efforts to support constitutional policing, the California Department of Justice is opening a civil rights investigation into the Riverside County Sheriff's Office. Whether you have a loved one in jail or are worried about crime in your neighborhood, we all benefit when there is action to ensure the integrity of policing in our state."

55. In response to the California Department of Justice's civil rights investigation in the COUNTY Jails, SHERIFF BIANCO issued the following offensive statement illustrating indifference towards the lives lost in his jails: "This investigation is based on nothing but false, and misleading statements, and straight-out lies from activists, including their attorneys. This will prove to be a complete waste of time and resources."[16]

**F. RCSD's History of Indifference Towards Inmates Incarcerated at the COUNTY Jails.**

---

[15] *Id.*

[16] *See* Riverside County Sheriff's Department YouTube video titled: "Sheriff Bianco's Response to Frivolous Civil Rights Investigation by DOL" (February 23, 2023), available at https://www.youtube.com/watch?v=6ttMVVLyfaQ

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

56. For well over a decade now, the COUNTY's own Grand Jury, as well as several independent auditors, have come to the same conclusion: dangerous deficits in health care services at the jails threaten the lives and health of the thousands of men and women they hold.

57. The "2010-11 Grand Jury Report: Riverside County Detention Health Care Administration" found systemic failures in treatment, medication management, record-keeping, and administration of forced medications, among other areas.[17]

58. The Grand Jury released an updated report in June 2012, noting that mental health staffing had in fact decreased since its prior year's report.[18]

59. On March 8, 2023, the federal class action lawsuit Quinton Gray, et al. v. County of Riverside, case number 13-0444 VAP (OPx) (C.D. Cal.) was filed against Defendants COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. The class action alleged that the COUNTY failed to provide minimally adequate medical and mental health care to the people incarcerated in its jails, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The class action also alleged discrimination against certain inmates with disabilities in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

60. The *Gray* operative complaint (Dkt. 150) alleged the following unconstitutional patterns and practices permeating the COUNTY Jails:

---

[17] *See* 2010-2011 Grand Jury Report re: Detention Mental Health Services, available at
https://rivco.org/sites/g/files/aldnop116/files/Past%20Reports%20%26%20Responses/20102011/11mentalhealth_detentionserv.pdf
[18] *See* 2011-2012 Grand Jury Report re: Detention Mental Health Services, available at
https://rivco.org/sites/g/files/aldnop116/files/Past%20Reports%20%26%20Responses/20112012/12mentalhealthdetention.pdf

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

a. RCSD, by policy and practice, maintains and runs a health care system that lacks basic elements necessary to provide constitutional care;

b. RCSD, by policy and practice, systematically fails to identify and diagnose serious conditions, to provide timely care, to administer appropriate medications, to employ adequate staff to meet inmates' basic needs, to maintain records that allow informed treatment decisions, to establish legally required confidentiality, and to identify and correct its own failings;

c. RCSD, by policy and practice, maintains and runs substandard medication management and administration;

d. RCSD, by policy and practice, is severely understaffed at the COUNTY Jails;

e. RCSD, by policy and practice, maintains and runs substandard medication management and administration;

f. RCSD, by policy and practice, provides substandard mental health care to inmates.

61. On September 2, 2014, the Court granted plaintiffs' Motion for Class Certification in *Gray.*

62. On February 20, 2015, the parties agreed to hire neutral experts to determine whether the health care provided at the COUNTY Jails posed a significant risk of serious harm to inmates confined in the COUNTY Jails and, if so, to make recommendations for improvements that will provide the minimum care guaranteed by the United States Constitution.

63. On July 15, 2015, the neutrally-appointed experts issued reports, determining that the health care failed to meet the constitutional minimum. As such, the parties agreed to negotiate a Remedial Plan to address the identified deficiencies in the expert reports.

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

28

COMPLAINT FOR DAMAGES

64.     Due to the COUNTY DEFENDANTS' ongoing failures to comply with the Consent Decree, plaintiffs in the *Gray* Class Action have had to seek emergency relief from the Court to ensure that the Consent Decree is enforced.

### G. Sheriff Bianco's Indifference to the Constitutional Violations and Failures Permeating his COUNTY Jails.

65.     A County Sheriff, like SHERIFF BIANCO, "may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). This causal connection can exist either "by setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id*. at 1207–08. Ninth Circuit has long held that a supervisor "need not be 'directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury.'" *Id*. at 1205-06 (9th Cir. 2011), cert. den'd, 132 S. Ct. 2101 (2012) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 645-46 (9th Cir. 1991)). "Rather, the supervisor's participation could include his 'own culpable action or inaction in the training, supervision, or control of his subordinates,' 'his acquiescence in the constitutional deprivations of which the complaint is made,' or 'conduct that showed a reckless or callous indifference to the rights of others.'" *Id*. "We have never required a plaintiff to allege that a supervisor was physically present when the injury occurred." *Id*.

66.     The endemic, ongoing and unabated risks of injury or death to inmates incarcerated in the COUNTY Jails are well established. SHERIFF BIANCO has long been aware of these risks and harms which have resulted in injury and death to inmates incarcerated in his COUNTY Jails. SHERIFF BIANCO's failure to take

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

action to ameliorate these conditions constitutes deliberate indifference to the safety and health of inmates incarcerated in his COUNTY Jails.

67. SHERIFF BIANCO has made several public statements all of which serve as illustrations of his great indifference towards the inmates, most of whom are pretrial detainees and innocent under the eyes of the law, who are in the government's custody in his COUNTY Jails.

68. Despite the alarming trends in overdoses and in-custody deaths, SHERIFF BIANCO blames the decedents and their families for the in-custody deaths and overdoses in the COUNTY Jails – all of which are fully controlled and managed by him.

69. On September 16, 2022, The Press-Enterprise posted the article "Sheriff Explains How 13 Riverside County Inmates Died This Year" on Facebook with the following caption: "Less than an hour after the family of a man who died in jail publicly complained about a lack of information on his death and that of 12 other Riverside County inmates this year, Sheriff Chad Bianco explained how they died.[19]

///

///

///

---

[19] *See* "Sheriff Explains How 13 Riverside County Inmates Died This Year" (The Press-Enterprise Facebook Page, September 16, 2022), available at: https://www.facebook.com/page/50855317267/search/?q=chad%20bianco%2013%20riverside%20county%20inmates%20died

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

COMPLAINT FOR DAMAGES

70.     Within fourteen hours of the article being posted on Facebook, SHERIFF BIANCO went on to publicly shame and harass the families and their deceased love ones, posing the following offensive rhetorical questions to the Facebook community and calling the Matus family attorney, Christian Contreras, a "bad" person:[20]

(1) Did they demand that their family members not commit suicide or consume drugs while they were in custody?

(2) Did they ever demand that their family members not commit crimes in the first place?



---

[20] Notably, SHERIFF BIANCO deleted the post thereafter. SHERIFF BIANCO did this despite the post being highly relevant and material to Plaintiffs' supervisorial claims against him. This is textbook definition of spoliation. Courts generally agree that the duty to preserve is triggered as soon as a potential claim is identified. *Apple Inc. v. Samsung Electronics Co.*, Ltd., 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012) ("duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation"); *Colonies Partners, L.P. v. County of San Bernardino*, 2020 WL 1496444, at *6-7 (C.D. Cal. 2020), report and recommendation adopted, 2020 WL 1491339 (C.D. Cal. 2020). Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir.2009); see also *Leon v. IDX*

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

31

COMPLAINT FOR DAMAGES

(3) Did their parents ever demand they take responsibility for their own actions?

(4) Do they ever think they played a huge part in the situation they find themselves in, other than the personal actions of their deceased loved one?

71. SHERIFF BIANCO also blames the inmates themselves: "There are inmates that purposely get arrested just to smuggle drugs into jail. It is either for money, money on the outside, money or favor on the inside [. . .] It's part of that culture of power inside the jails, and drugs are a part of it."[21]

72. In response to the Department of Justice's recent announcement about its decision to investigate the patterns and practices existing within the COUNTY Jails, SHERIFF BIANCO expressed the following indifference towards pretrial detainees dying at alarming rates within his COUNTY Jails: "Of course I'm not happy, this is going to waste our time. Every single one of these inmate deaths was out of anyone's control. The fact of the matter is that they just happened to be in our custody."[22]

73. Interestingly, SHERIFF BIANCO has taken this hardline (and insulting) position when asked about fentanyl overdoses in his jails. Yet, upon information and belief, SHERIFF BIANCO is currently being investigated by the Federal Bureau of Investigation ("FBI") for his interference with a murder

---

*Systems Corp.,* 464 F.3d 951, 959, (9th Cir. 2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'").

[21] *See* "California Jails Are Trying to Keep Fentanyl Out, But Inmates Are Still Dying. In Riverside County, Fentanyl is Blamed in 38% of In-custody Deaths So Far This Year," (Mercury News, September 26, 2022), available at: https://www.mercurynews.com/2022/09/26/southern-california-jails-trying-to-keep-fentanyl-out-but-inmates-are-still-dying/

[22] See "Kudos to Bonta for Investigating the Sheriff. Let's Hope He Moves Quickly" (The Desert Sun, March 5, 2023), available at https://www.desertsun.com/story/opinion/editorials/2023/03/05/kudos-to-bonta-for-investigating-riverside-county-sheriffs-department/69967829007/

COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

investigation arising from two fentanyl overdoses in the City of Riverside which occurred on February 21, 2022 before many of the fentanyl overdoes in COUNTY Jails.

74. On February 21, 2022, 22-year-old Sierra Riane Rangel and 21-year-old Arrena Marie Mariotti died from fentanyl overdoses.[23]

75. On February 24, 2022, murder charges were filed against Peter Luis Mera Garcia.[24] Upon information and belief, Peter Luis Mera Garcia is the son of a senior level deputy at RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. Notably, the criminal case received wide public attention as this was the first time in the COUNTY OF RIVERSIDE that a person had been charged with murder due to a fentanyl death.

76. Upon information and belief, the Riverside Police Department ("RPD") Special Weapons and Tactics ("SWAT") was charged with executing the search warrant of suspect Peter Luis Mera Garcia's home.

77. Upon information and belief, suspect Peter Mera Garcia lived with his parents, including his father who was a senior level deputy employed by the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT.

78. Upon information and belief, Former RPD Sergeant, Frank Hoyos, was one of the SWAT Team members assigned to execute the search warrant.

79. Upon information and belief, prior to the execution of the search warrant, RPD Chief of Police Larry Gonzalez was called by SHERIFF BIANCO for a favor. SHERIFF BIANCO asked Chief Gonzalez to provide him with the name of the RCSD senior level deputy.

///

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

---

[23] *See* "Man Charged with Murder After 2 Riverside Woman Died from Fentanyl Overdoses," (The Press-Enterprise, April 28, 2022), available at https://www.pressenterprise.com/2022/04/28/man-charged-with-murder-after-2-riverside-women-died-from-fentanyl-overdoses/
[24] *Id.*

COMPLAINT FOR DAMAGES

80. Upon information and belief, RPD Chief Gonzalez proceeded to call RPD Sergeant Jimmy Simmons, who had no involvement with the investigation of this double homicide. RPD Chief Gonzalez informed Sgt. Simmons that he was calling him because SHERIFF BIANCO wanted to know the name of his deputy whose son had been booked. RPD Chief Gonzalez tasked Sgt. Simmons with the assignment of finding out the name for SHERIFF BIANCO.

81. Upon information and belief, RPD Sgt. Simmons secured the name of the RCSD senior deputy and relayed the name to RPD Chief Gonzalez.

82. Upon information and belief RPD Chief Gonzalez then relayed the name to SHERIFF BIANCO.

83. Upon information and belief, SHERIFF BIANCO then alerted his senior level deputy that the RPD SWAT Team would be executing the search warrant on a specific date and time and looking for very specific evidence in his home.

84. Upon information and belief, the RCSD Senior Level Deputy convened with his son, suspect Peter Luis Mera Garcia, and together they ensured that when the RPD SWAT Team arrived at their home, they would find zero traces of a crime.

85. Upon information and belief, when the RPD SWAT Team executed the search warrant during the early morning hours, the SWAT Team was greeted by the RCSD Senior Level Deputy who welcomed the SWAT Team into his home. Indeed, no evidence of a crime was found.

86. Clearly, SHERIFF BIANCO is personally responsible for the fentanyl crisis in RIVERSIDE COUNTY and has intentionally refused to make adequate measures within his jail to prevent individuals from dying from fentanyl.

///

///

///

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

**PUNITIVE/EXEMPLARY DAMAGES ALLEGATIONS**

**(Against individual Defendant SHERIFF CHAD BIANCO and**

**Defendant DOES 1-25)**

87.     Each Defendants' conduct as alleged herein was done with reckless disregard for human life, oppression, and malice.

88.     Long before Plaintiff's serious injury, Defendants SHERIFF CHAD BIANCO and DOES 1 through 25 knew that there existed a great indifference to the safety and protection of the inmates who were in the government's custody within the COUNTY Jails.

89.     Defendants SHERIFF CHAD BIANCO and DOES 1 through 25 were repeatedly put on notice of the great dangers which existed within the COUNTY Jails through the long history of in-custody deaths; the record-breaking amount of fentanyl overdoses throughout all COUNTY Jails; inmate-on-inmate violence; the federal class action *Quinton Gray, et al. v. County of Riverside*, case number 13-0444 VAP (OPx) (C.D. Cal.) targeting Defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT's custody and medical staff's deliberate indifference towards the safety and protection of inmates; the warnings from the neutrally-selected experts regarding failures amounting to constitutional violations; a Consent Decree directing Defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT to implement a Remedial Plan to meet the minimum level of health care necessary to fulfill its obligations under the Eighth and Fourteenth Amendments; and through a Settlement Agreement which the COUNTY voluntarily entered into requiring that Defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT remedy all of the deficiencies in healthcare and disability accommodations alleged in the *Gray* Class Action complaint.

90.     Despite this long history of complete disregard to inmate safety and protection, Defendants SHERIFF CHAD BIANCO and DOES 1 through 25 have deliberately failed to take even modest actions to prevent in-custody injuries and

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

deaths at the COUNTY Jails which have for a very long time been infested with endemic, ongoing, and unabated risks of injury or death to inmates.

91. The Defendant officers, and each of them, acted with malice and oppression and with a conscious disregard for Plaintiff's rights, making the individual defendants, including DOES 1-25, liable for punitive damages.

## FIRST CAUSE OF ACTION

**Failure to Protect from Harm, Violation of Fourteenth Amendment to the**

**United States Constitution**

**(42 U.S.C. § 1983)**

**As Against Defendants SHERIFF CHAD BIANCO, COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and DOES 1 through 25**

92. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

93. Pretrial detainees such as Plaintiff have a Fourteenth Amendment due process right to be free from harm. See *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *see also Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018).

94. Defendants, by virtue of detaining individuals such as Plaintiff, are given the responsibility to ensure that their correctional facilities are safe and that the constitutional rights of their detainees, such as Plaintiff, are not violated.

95. Indeed, well before February 2026, Defendants had express knowledge concerning the conditions of confinement in the COUNTY jails which placed inmates at substantial risk of serious harm or death. However, Defendants failed to take reasonable available measures to abate or reduce that risk, even though any reasonable person in such circumstances would have appreciated the high degree of risk involved. It was clear that the consequence of not abating or reducing such risks would entail injury and death which was obvious under the

circumstances. Clearly, by not taking such measures, Defendants caused Plaintiff's injuries.

96. Defendants, and each of them, failed to conduct proper and timely Title 15 welfare and safety checks, thereby authorizing, permitting, and/or encouraging a correctional environment that posed a substantial risk to the health and safety of inmates. Because of Defendants' deliberate and/or negligent conduct, Plaintiff sustained life-threatening injuries from February 9, 2026 to February 22, 2026.

97. Plaintiff's injuries and losses were compounded due to the wrongful and deliberate conduct of Defendants' great delays in securing adequate emergency medical attention for Plaintiff.

98. Defendants were on notice that their deficient policies, procedures, and practices alleged herein created substantial risk of serious harm to an inmate in Plaintiff's position.

99. Each Defendant could have taken action to prevent unnecessary harm to Plaintiff but refused or failed to do so.

100. By policy, procedure, and practice, Defendants deliberately disregarded the risks posed to persons incarcerated at LDSCF, as alleged above. Defendants failed to take any reasonable steps to mitigate the obvious and well-known risks of harm that was attendant to housing Plaintiff in the manner she was housed at LDSCF.

101. Defendants also knew that deputies routinely failed to conduct required welfare and safety checks at the County Jails, including LDSCF, and failed to take sufficient actions to correct this problem and ensure that necessary checks were performed.

102. Defendants were on notice that their policies, procedures, and practices for monitoring inmates at the COUNTY Jails, including LDSCF, were inadequate and gave rise to a substantial risk of serious harm.

///

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

37
COMPLAINT FOR DAMAGES

103. Defendants failed to properly train and supervise RCSD custody and medical staff regarding policies, procedures, and practices necessary for the protection of inmates from risks and hazards existing within the COUNTY Jails, including LDSCF.

104. Defendants' failure to correct their policies, procedures, and practices despite notice of significant and dangerous problems evidences deliberate indifference to the health and safety of the inmates in their care.

105. Defendants ratified Defendants DOES' actions and inactions amounting to constitutional violations.

106. As a direct and proximate result of Defendants' conduct, the civil rights of Plaintiff, as protected by the Fourteenth Amendment of the United States Constitution, were violated. Further, Plaintiff experienced physical pain, severe emotional distress, and mental anguish, as well as other damages alleged herein.

107. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

108. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages.

109. Defendants have failed to protect the civil rights and constitutional rights of detainees within COUNTY correctional facilities. Accordingly, this complaint seeks judicial intervention to ensure that further constitutional violations and jail-related deaths and serious bodily injuries do not occur.

110. The acts of the Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them, as herein alleged, were willful, wanton, malicious and oppressive, and justify the awarding of punitive damages against Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them.

///

COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

111. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendant COUNTY.

112. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## SECOND CAUSE OF ACTION

**Failure to Provide Medical Care, Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**As Against Defendants SHERIFF CHAD BIANCO, COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and DOES 1 through 25**

113. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

114. By the actions and omissions described above, Defendants violated 42 U.S.C. § 1983, depriving Plaintiff of the clearly established and well-settled constitutional right protected by the Fourth and Fourteenth Amendments to the United States Constitution to be free from deliberate indifference to her medical needs, health, and safety while in custody as a pretrial detainee.

115. Despite having severe stomach pain, Plaintiff was denied her urgent request for medical care.

116. After many critical hours of wasted time, RCSD took Plaintiff to the hospital where it was discovered that Plaintiff had a ruptured ulcer. Plaintiff underwent emergency surgery.

117. Defendants failed to reasonably recognize Plaintiff's urgent need for emergency medical care. Defendants also failed to train, supervise, and/or promulgate appropriate policies and procedures to provide emergency medical care and life saving care to persons in their custody. Defendants' acts and omissions

described above constituted deliberate indifference to Plaintiff's serious medical needs, health, and safety.

118. As a direct and proximate result of Defendants' conduct, Plaintiff's civil rights, as protected by the Fourteenth Amendment of the United States Constitution, were violated. Further, Plaintiff experienced physical pain, severe emotional distress, and mental anguish, as well as other damages alleged herein.

119. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

120. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages.

121. The acts of the Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them, as herein alleged, were willful, wanton, malicious and oppressive, and justify the awarding of punitive damages against Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them.

122. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendant COUNTY.

123. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

///

///

///

///

///

///

///

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

**THIRD CAUSE OF ACTION**

**Municipal Policies, Customs, Practices Causing Constitutional Violations (*Monell* – 42 U.S.C. § 1983)**

**As Against Defendants SHERIFF CHAD BIANCO, COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and DOES 1 through 25**

124. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

125. In Monell, the Supreme Court held that municipalities were "persons" under § 1983 and thus could be held liable for causing a constitutional deprivation. The Court explained that while a municipality may not be held liable under § 1983 for the torts of its employees on a theory of respondeat superior, liability may attach where the municipality itself causes the constitutional violation through the execution of an official policy, practice or custom.[25]

126. The unconstitutional actions and/or omissions of Defendants, as well as other employees or officers employed by or acting on behalf of Defendants, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of Defendants COUNTY and RCSD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendant COUNTY and RCSD:

    a. To deny pretrial detainees and other inmates access to timely, appropriate, competent, and necessary care for serious medical needs, requiring such inmates in crisis to remain untreated in jail instead of providing for their emergency medical needs;

---

[25] *See Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002) ("These alleged constitutional deprivations were not suffered as a result of actions of the individual officers, but as a result of the collective inaction of the Long Beach Police Department.").

COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

b. To allow and encourage deputies doing regular cell checks on inmates, including in safety cells, to fail to document their actual observations of the inmate's condition and status, in violation of the County of Riverside's written policies and state law;

c. To allow and encourage inadequate and deficient medical care for jail inmates and arrestees;

d. To hire, retain, and contract for obviously inadequate medical care for jail inmates and arrestees, including creating financial incentives for custodial and medical personnel not to send inmates with emergency medical needs to a hospital;

e. To allow, encourage, and require medical staff, including licensed vocational nurses and registered nurses, to work outside their legal scope of practice and without appropriate supervision;

f. To fail to make custody staff aware that COUNTY jail medical staff, including licensed vocational nurses, are not qualified to assess or decide inmates' medical conditions, medical needs, or whether the inmate should be permitted to remain in the jail versus being sent to a hospital;

g. To allow, encourage, and require unlicensed, incompetent, inadequately trained and/or inadequately supervised staff to assess inmates' medical condition, needs, and treatment, including to decide whether or not to provide inmates with necessary emergency care and hospitalization;

h. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

i. To cover up violations of constitutional rights by any or all of the following:

42

COMPLAINT FOR DAMAGES

i. By failing to properly investigate and/or evaluate incidents of violations of rights, including by unconstitutional medical care at the jail;

ii. By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful conduct by custodial and medical personnel;

iii. By turning a blind eye to custodial and medical personnel who direct, aid, and/or assist with the distribution of hazards, including illicit drugs, into the COUNTY jails; and

iv. By allowing, tolerating, and/or encouraging custodial and medical personnel to: fail to file complete and accurate reports; file false reports; make false statements; and/or obstruct or interfere with investigations of unconstitutional or unlawful conduct by withholding and/or concealing material information;

j. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers, RCSD personnel, custodial personnel, and medical personnel at the jail, whereby an officer or member of the RCSD, or medical staff does not provide adverse information against a fellow officer, or member of the RCSD or the medical staff;

k. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (j) above, with deliberate indifference to the rights and safety of pretrial detainees, such as Plaintiff, and in

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

43
COMPLAINT FOR DAMAGES

the face of an obvious need for such policies, procedures, and training programs.

127. The unconstitutional actions and/or omissions of Defendants, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of COUNTY and RCSD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for COUNTY and RCSD, including SHERIFF BIANCO:

    a.    To fail to properly and adequately hire, train, supervise, and monitor custodial and medical personnel at the jails;

    b.    To fail to use appropriate and generally accepted law enforcement procedures for handling persons in medical crisis;

    c.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

    d.    To cover up violations of constitutional rights by any or all of the following:

        i.    By failing to properly investigate and/or evaluate complaints or incidents of handling of persons in medical crisis;

        ii.    By ignoring and/or failing to properly and adequately investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

        iii.    By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

44

COMPLAINT FOR DAMAGES

e. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers whereby an officer does not provide adverse information against a fellow law enforcement officer;

f. To allow tolerate, and/or encourage a "code of silence" among custodial and medical personnel at the COUNTY jails whereby custodial and medical personnel does not provide adverse information against a fellow staffer; and

g. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (g) above, with deliberate indifference to the rights and safety of pretrial detainees, such as Plaintiff, and in the face of an obvious need for such policies, procedures, and training programs.

128. Defendants COUNTY and RCSD, through their employees and agents, and through their policy-making supervisors, SHERIFF BIANCO and certain DOES 1 through 25, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DOES 1 through 25, and other COUNTY and RCSD personnel, with deliberate indifference to the constitutional rights of Plaintiff and others in similar positions, as described above.

129. The unconstitutional actions and/or omissions of Defendants, and other RCSD custody and medical staff, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and RCSD, including Defendants SHERIFF BIANCO and DOES 1 through 25.

130. Plaintiff is informed and believes, and thereupon alleges, that Defendants SHERIFF BIANCO and DOES 1 through 25, and other policy-making officers for the COUNTY and RCSD were and are aware of a pattern of misconduct and injury caused by COUNTY Jails custody and medical staff similar to the

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

45

COMPLAINT FOR DAMAGES

conduct of Defendants described herein, but failed to discipline culpable custody and medical staff and failed to institute new procedures and policy within the COUNTY and RCSD.

131. In violation of 42 U.S.C. § 1983, the Defendants deprived Plaintiff of her clearly established and well-settled constitutional rights through: the aforementioned customs, policies, practices, and procedures; the Defendants' failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants COUNTY and RCSD. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

132. As a direct and proximate result of Defendants' unconstitutional actions, omissions, customs, policies, practices, and procedures, as described above, Plaintiff suffered serious injuries and is entitled to damages, penalties, costs, and attorneys' fees against Defendants.

133. The acts of the Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them, as herein alleged, were willful, wanton, malicious and oppressive, and justify the awarding of punitive damages against Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendant COUNTY.

///

///

///

///

## FOURTH CAUSE OF ACTION

**Supervisory Liability Causing Constitutional Violations, (Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983)**

**As Against Defendants SHERIFF CHAD BIANCO and**

**DOES 1 through 25**

134. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

135. At all material times, SHERIFF BIANCO and DOES 1 through 25 the duty and responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate, investigate, staff, and discipline the other Defendants employed by their respective agencies in this matter, as well as all employees and agents of the COUNTY and RCSD.

136. Defendants SHERIFF BIANCO and DOES 1 through 25 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the respective employees of their agencies, including Defendants DOES 1 through 25, and other COUNTY and RCSD personnel, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

137. As supervisors, Defendants SHERIFF BIANCO and DOES 1 through 25 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to Plaintiff's rights to safety and protections while incarcerated at LDSCF. Each of these supervising Defendants either directed his or her subordinates in conduct that violated Plaintiff's rights, or set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive Plaintiff of rights, or knew his or her subordinates were engaging in acts likely to deprive Plaintiff of rights, and failed to act to prevent his or her subordinate from engaging in such

**WALTER CLARK LEGAL GROUP**
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

47

COMPLAINT FOR DAMAGES

conduct, or disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate Plaintiff's rights, and in fact did cause the violation of Plaintiff's rights. (See, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' apparent violations of Plaintiff's rights.

138. The unconstitutional customs, policies, practices, and/or procedures of Defendants COUNTY and RCSD, as stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendants COUNTY and RCSD, including Defendants SHERIFF BIANCO and DOES 1 through 25, respectively, with deliberate indifference to Plaintiff's and others' constitutional rights, which were thereby violated as described above.

139. The unconstitutional actions and/or omissions of Defendants DOES 1 through 25, and other COUNTY and RCSD personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and RCSD, including Defendants SHERIFF BIANCO and DOES 1 through 25.

140. Plaintiff is informed and believes, and thereupon allege, that Defendants SHERIFF BIANCO and DOES 1 through 25 and other policymaking officers for the COUNTY and RCSD were and are aware of a pattern of misconduct and injury, and a code of silence, caused by COUNTY and RCSD custody and medical staff personnel similar to the conduct of Defendants described herein, but failed to discipline culpable law enforcement officers and employees and failed to institute new procedures and policy within the COUNTY and RCSD.

141. In violation of 42 U.S.C. § 1983, the Defendants deprived Plaintiff of her clearly established and well-settled constitutional rights through: the aforementioned customs, policies, practices, and procedures; the Defendants' failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification,

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

48
COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

and toleration of wrongful conduct of Defendants COUNTY and RCSD. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

142. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

143. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants SHERIFF BIANCO and DOES 1 through 25 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorneys' fees.

144. The acts of the Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them, as herein alleged, were willful, wanton, malicious and oppressive, and justify the awarding of punitive damages against Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendant COUNTY.

## FIFTH CAUSE OF ACTION

### Violation of California Government Code § 844.6

### As Against Defendants DOES 1 through 25

145. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

146. Defendants DOES 1 through 25, and each of them, are public employees within the meaning of California Government Code § 844.6 and as, such,

49

COMPLAINT FOR DAMAGES

are liable for injuries to Plaintiff caused by their negligent or wrongful acts or omissions.

147. Defendants DOES 1 through 25, and each of them, had a legal duty to Plaintiff, as a foreseeable victim, to exercise reasonable care as set forth herein.

148. Defendants DOES 1 through 25, and each of them, beached their duty of care owed to Plaintiff by directing or permitting RCSD correctional officers to deny Plaintiff medical attention for her severe pain for a dangerous amount of time. As a result of the Defendants' acts and omissions, including the above-noted acts and omissions, Defendants DOES 1 through 25 failed to keep Plaintiff safe.

149. The breaches of duty of care by Defendants DOES 1 through 25 were the direct and legal cause of the injuries and damages suffered by Plaintiff.

150. As a result of the negligent conduct of Defendants, Plaintiff was subjected to being denied medical assistance while suffering from severe pain.

151. Defendants knew or should have known that Plaintiff would be harmed as a result of their acts, omissions, conduct, and/or other wrongdoing. Defendants' negligence was a substantial factor in causing Plaintiff serious injuries, including serious emotional distress.

152. By reason of said negligence of Defendants DOES 1 through 25, and each of them, and as a proximate result thereof, Plaintiff received severe injuries to her body and suffered serious emotional distress. The physical and emotional injuries received by Plaintiff have greatly impaired her health, strength, and activity and have thereby caused and continue to cause her great mental, physical, and nervous pain and suffering, and an extreme shock to her nervous system. Plaintiff is informed and believes, and thereon alleges, that said injuries will result in some disability, all to her damages in an amount according to proof.

153. As a further, direct and proximate result of the negligence of Defendants DOES 1 through 25, and each of them, as herein alleged, Plaintiff was required to, and did employ, and continues to employ, physicians and others for

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

medical care of said injuries, and did incur medical and incidental expenses in an amount according to proof. Plaintiff is informed and believes, and thereon alleges, that she will incur further medical and incidental expenses for the care and treatment of said injuries, the amount of which is unknown at this time, all to her further damages in an amount according to proof.

154. As a further, direct and proximate result of the negligence of Defendants DOES 1 through 25, and each of them, as herein alleged, Plaintiff was prevented from performing her usual occupation, or any occupation whatsoever, or has otherwise suffered a reduction in her capacity to work, and, as a result, has been damaged in an amount according to proof. Plaintiff is informed and believes, and on such information and belief alleges, that by reason of said carelessness and negligence of Defendants, and each of them, Plaintiff will, in the future, be prevented from attending to her usual occupation for an undetermined period of time, or will continue to have a reduced capacity to earn income, all to her further damages in an amount according to proof.

155. The acts of the Defendants DOES 1 through 25, and each of them, as herein alleged, were willful, wanton, malicious and oppressive, and justify the awarding of punitive damages against Defendants DOES 1 through 25, and each of them. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendant COUNTY.

<div align="center">

**SIXTH CAUSE OF ACTION**

**Violation of California Government Code § 845.6**

**As Against Defendants SHERIFF CHAD BIANCO, COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and DOES 1 through 25**

</div>

156. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

<div align="center">

51

COMPLAINT FOR DAMAGES

</div>

157. Defendants knew, or ought to have known, that Plaintiff was in need of immediate medical care and treatment, and each failed to take reasonable action to summon immediate medical care and treatment. Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendants COUNTY and RCSD, knowing and/or having reason to know of Plaintiff's need for immediate medical care and treatment, failed to take reasonable action to summon such care and treatment in violation of California Government Code § 845.6.

158. Defendants COUNTY and RCSD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

159. By reason of said negligence of Defendants DOES 1 through 25, and each of them, and as a proximate result thereof, Plaintiff received severe injuries to her body and suffered serious emotional distress. The physical and emotional injuries received by Plaintiff have greatly impaired her health, strength, and activity and have thereby caused and continue to cause her great mental, physical, and nervous pain and suffering, and an extreme shock to her nervous system. Plaintiff is informed and believes, and thereon alleges, that said injuries will result in some disability, all to her damages in an amount according to proof.

160. As a further, direct and proximate result of the negligence of Defendants DOES 1 through 25, and each of them, as herein alleged, Plaintiff was required to, and did employ, and continues to employ, physicians and others for medical care of said injuries, and did incur medical and incidental expenses in an amount according to proof. Plaintiff is informed and believes, and thereon alleges, that she will incur further medical and incidental expenses for the care and treatment of said injuries, the amount of which is unknown at this time, all to her further damages in an amount according to proof.

COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

161. As a further, direct and proximate result of the negligence of Defendants DOES 1 through 25, and each of them, as herein alleged, Plaintiff was prevented from performing her usual occupation, or any occupation whatsoever, or has otherwise suffered a reduction in her capacity to work, and, as a result, has been damaged in an amount according to proof. Plaintiff is informed and believes, and on such information and belief alleges, that by reason of said carelessness and negligence of Defendants, and each of them, Plaintiff will, in the future, be prevented from attending to her usual occupation for an undetermined period of time, or will continue to have a reduced capacity to earn income, all to her further damages in an amount according to proof.

162. The acts of the Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them, as herein alleged, were willful, wanton, malicious and oppressive, and justify the awarding of punitive damages against Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendant COUNTY.

### SEVENTH CAUSE OF ACTION

**Violation of California Civil Code §52.1**

**(Tom Bane Act)**

**As Against Defendants SHERIFF CHAD BIANCO, COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and DOES 1 through 25**

163. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

164. By their acts, omissions, customs, and policies, Defendants, each acting in concert/conspiracy, as described above, while Plaintiff was in custody, and by threat, intimidation, and/or coercion, interfered with, attempted to interfere with,

COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

and violated Plaintiff's rights under California Civil Code § 52.1 and under the United States Constitution and California Constitution as follows:

a. The right to be free from objectively unreasonable treatment and deliberate indifference to Plaintiff's serious medical condition while in custody as a pretrial detainee as secured by the Fourth and/or Fourteenth Amendments to the United States Constitution and by California Constitution, Article 1, §§ 7 and 13;

b. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, § 1; and

c. The right to emergency medical care as required by California Government Code §845.6.

165. Defendants' violations of Plaintiff's due process rights with deliberate indifference, in and of themselves constitute violations of the Bane Act.[26] Alternatively, separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff's rights as described above, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion:

a. With deliberate indifference to Plaintiff's serious medical needs, suffering, and risk of grave harm including death, depriving Plaintiff of necessary, life-saving care for her medical needs;

---

[26] *See Atayde v. Napa State Hosp.*, No. 1:16-cv-00398-DAD-SAB, 2016 U.S. Dist. LEXIS 126639, at *23 (E.D. Cal. Sept. 16, 2016) (citing *M.H. v. Cty. of Alameda*, 90 F. Supp. 3d 889, 899 (N.D. Cal. 2013); *see also, Cornell v. City and County of San Francisco*, Nos. A141016, A142147, 2017 Cal. App. LEXIS 1011 at *58, fn. 32 (Cal. Ct. App. Nov. 16, 2017) (approving M.H., supra.); *Reese v. County of Sacramento*, 888 F.3d 1030, 1043-44 (9th Cir. 2018) (following *Cornell*); *Rodriguez v. County of L.A.*, 891 F.3d 776, 799, 802 (9th Cir. 2018) (following *Cornell*).

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

b. With deliberate indifference to hazards that posed a risk to pretrial detainees, such as Plaintiff;

c. Subjecting Plaintiff to ongoing violations of her rights to prompt care for her serious medical condition over hours, causing immense and needless suffering, intimidation, coercion, and threats to her life and well-being;

d. Deliberately contracting for and causing the provision of inadequate and incompetent medical health care to COUNTY jail detainees and inmates;

e. Requiring medical staff to work outside their scope of practice, and conduct assessments, triage, and make medical and housing decisions for patients, including Plaintiff, they are not competent to make; and

f. Instituting and maintaining the unconstitutional customs, policies, and practices described herein, when it was obvious that in doing so, individuals such as Plaintiff would be subjected to violence, threat, intimidation, coercion, and ongoing violations of rights as Plaintiff was here.

166. The threats, intimidation, and coercion described herein were not necessary or inherent to Defendants' violation of Plaintiff's rights, or to any legitimate and lawful jail or law enforcement activity.

167. Further, all of Defendants' violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

168. Further, each Defendant violated Plaintiff's rights with reckless disregard and with the specific intent and purpose to deprive her of her enjoyment of those rights and of the interests protected by those rights.

169. Defendant COUNTY is vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

170. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

55
COMPLAINT FOR DAMAGES

Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief, including punitive damages against all individual Defendants, and all damages allowed by California Civil Code §§ 52 and 52.1 and California law, not limited to costs attorneys' fees, and civil penalties.

171. The acts of the Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them, as herein alleged, were willful, wanton, malicious and oppressive, and justify the awarding of punitive damages against Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendant COUNTY.

## EIGHTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### As Against Defendants DOES 1 through 25

172. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

173. The conduct of Defendants DOES 1 through 25, as set forth herein was intentional, malicious, extreme and outrageous, and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and severe emotional and physical distress. Defendants DOES' conduct was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase and was done with a wanton and reckless disregard of the consequences to Plaintiff.

174. As a result of the intentional conduct of Defendants DOES 1 through 25, Plaintiff suffered: denied medical assistance while suffering from severe pain which caused Plaintiff to suffer serious emotional distress.

175. As a proximate result of the acts alleged above and herein, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in her mind and body, all to Plaintiff's damages.

COMPLAINT FOR DAMAGES

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

176. As a further proximate result of the acts of Defendants DOES 1 through 25, Plaintiff sustained severe injuries to her body. The injuries sustained by Plaintiff have greatly impaired her health, strength, and activity, and have thereby caused, and continue to cause, her great mental, physical, and nervous pain and suffering, and an extreme shock to her nervous system. Plaintiff is informed and believes, and thereon alleges, that said injuries will result in some disability and permanent scarring to her, all to her damages in an amount according to proof.

177. As a further, direct, and proximate result of the negligence of Defendants DOES 1 through 25, and each of them, as herein alleged, Plaintiff was required to, and did employ, and continues to employ, physicians and others for medical care of said injuries, and she did incur medical and incidental expenses in an amount according to proof.

178. Plaintiff is informed and believes, and thereon alleges, that she will incur further medical and incidental expenses for the care and treatment of said injuries, the amount of which is unknown at this time, all to her further damages in an amount according to proof.

179. As a further, direct, and proximate result of the negligence of Defendants DOES 1 through 25, and each of them, as herein alleged, Plaintiff was prevented from performing her usual occupation, or any occupation whatsoever, or has otherwise suffered a reduction in her capacity to work, and, as a result, has been damaged in an amount according to proof. Plaintiff is informed and believes, and on such information and belief alleges, that by reason of said carelessness and negligence of Defendants DOES 1 through 25, and each of them, Plaintiff will, in the future, be prevented from attending to her usual occupation for an undetermined period of time, or will continue to have a reduced capacity to earn income, all to her further damages in an amount according to proof.

180. The acts of the Defendants DOES 1 through 25, and each of them, as herein alleged, were willful, wanton, malicious and oppressive, and justify the

awarding of punitive damages against Defendants DOES 1 through 25, and each of them.

### NINTH CAUSE OF ACTION

**Cruel and Unusual Punishment, Violation of the Eighth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**As Against Defendants SHERIFF CHAD BIANCO, COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and DOES 1 through 25**

181. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

182. While incarcerated at LDSCF, Defendants exposed Plaintiff to denied medical treatment for her life-threatening illness.

183. By the actions and omissions described above and herein, Defendants violated 42 U.S.C. § 1983, depriving Plaintiff of the clearly established and well-settled constitutional right protected by the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment.

184. Plaintiff was denied medical assessment, treatment, and/or medications.

185. Defendants' denial of medical attention for Plaintiff was done with deliberate indifference to Plaintiff's medical and psychological health.

186. Eventually, after an hour and a half of suffering and begging for medical attention, Plaintiff was transported to San Gorgonio Memorial Hospital emergency room.

187. Once assessed by a physician, Plaintiff was diagnosed with a ruptured ulcer. Despite the serious and life-threatening diagnosis it took significant insistence from the medical providers in order to convince the RCSD correctional officers to agree to remove the chains placed on Plaintiff's body by RCSD.

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

188. As a result of Defendants' refusal to provide prompt medical attention to Plaintiff, Plaintiff required emergency surgery.

189. Defendants, with knowledge of Plaintiff's life-threatening injuries and/or with deliberate indifference to such injuries and medical needs, acted in such a way as to deprive Plaintiff of necessary and adequate medical care, thereby endangering Plaintiff's health and well-being. The acts and omissions of Defendants, and each of them, were done with the purpose of subjecting her to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

190. Defendants, with knowledge of Plaintiff's injuries and/or with deliberate indifference to such injuries and medical needs, acted in such a way as to prevent Plaintiff from obtaining necessary and adequate medical care, or to prevent needed medical treatment and care from reaching Plaintiff, thereby endangering Plaintiff's health and well-being. The acts and omissions of Defendants, and each of them, were done with the purpose of subjecting her to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

191. Defendants, with knowledge of Plaintiff's injuries and medical needs, had a duty under the Eighth Amendment to the United States Constitution to provide needed medical care to inmates of LDSCF, including Plaintiff, in conformity with the standards for delivery of such medical care in the State of California as a whole.

192. Defendants, with knowledge of Plaintiff's injuries and/or with deliberate indifference to such injuries and medical needs, failed to provide medical care to Plaintiff in conformity with the standard for delivery of such medical care in the State of California as a whole, thereby endangering Plaintiff's health and well-being in violation of rights secured to Plaintiff by the Eighth Amendment to the United States Constitution.

193. Defendants, knowing of the injuries and medical needs of Plaintiff, and knowing also of the inadequacies and deficiencies in the medical care at LDSCF,

had a duty under the Eighth Amendment to establish and implement policies, practices, and procedures designed to ensure that inmates, including Plaintiff, receive medical care and treatment in conformity with the standards for delivery of such medical care and treatment in the State of California as a whole.

194.    Defendants, knowing of the injuries and medical needs of Plaintiff, and knowing also of the inadequacies and deficiencies in the medical care at LDSCF, failed and neglected to establish and implement policies, practices, and procedures designed to assure that inmates, including Plaintiff, receive medical treatment and care at the standards therefor in California as a whole, or have adopted policies, practices, and procedures which Defendants knew, or reasonably should have known, would be ineffective in delivering medical treatment and care at such standards, thereby endangering Plaintiff's health and well-being in violation of rights secured to Plaintiff by the Eighth Amendment to the United States Constitution.

195.    Defendants, knowing of the injuries and medical needs of Plaintiff, have a duty under the Eighth Amendment to the Constitution of the United States to instruct, supervise, and train their employees and agents to assure the delivery of medical care to Plaintiff which is consistent with the standards of medical care in the State of California as a whole.

196.    Defendants, with knowledge of Plaintiff's injuries and/or with deliberate indifference to such injuries and medical needs, failed to instruct, supervise, and train their employees and agents in such a manner as to assure the delivery of medical care to Plaintiff which is consistent with the standards of medical care in the State of California as a whole, thereby endangering Plaintiff's health and well-being in violation of rights secured to Plaintiff by the Eighth Amendment to the United States Constitution.

197.    The Defendants' actions and/or omissions were negligent and/or reckless and/or intentional.

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

COMPLAINT FOR DAMAGES

198. Defendants' actions and/or omissions were committed under color of law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, statutes and/or usages of the State of California, the County of Riverside, Riverside County Sheriff's Department and/or LDSCF.

199. As a direct and proximate result of the above-described actions and omissions of Defendants, Plaintiff has sustained injuries and damages.

200. The acts of the Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them, as herein alleged, were willful, wanton, malicious and oppressive, and justify the awarding of punitive damages against Defendants SHERIFF BIANCO and DOES 1 through 25, and each of them.

201. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendant COUNTY.

202. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## TENTH CAUSE OF ACTION

### Declaratory Relief

### (28 U.S.C. § 2201)

### As Against Defendants SHERIFF CHAD BIANCO, COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and DOES 1 through 25

203. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

204. There is an actual controversy between Plaintiff and Defendants concerning their respective rights and duties in that Plaintiff contends that the acts of Defendants, as described herein, are in violation of federal law, and Defendants contend in all aspects to the contrary.

///

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

205. Plaintiff is entitled to a legal declaration of her rights and Defendants' obligations under the applicable laws as alleged in this Complaint.

## REQUEST FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court enter a judgment as follows:

A.     Violation of Plaintiff's constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20, et. seq. and federal civil rights law;

B.     Plaintiff's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

C.     General Damages in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

D.     Non-Economic Damages according to proof plus all further and proper relief;

E.     Punitive damages as to individual peace officer defendants;

F.     Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

G.     A multiplier of damages, including treble damages, and penalties under the Tom Bane Act;

H.     Interest; and

I.     All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20, et seq., 377.60, et seq., and 1021.5; California Civil Code §§ 52, et seq., 52.1; and as otherwise may be allowed by California and/or federal law.

DATED: May 20, 2026                          Respectfully submitted,

                                             WALTER CLARK LEGAL GROUP
                                             By: */s/ Dan C. Bolton*
                                             Dan C. Bolton
                                             Attorneys for Plaintiff

WALTER CLARK LEGAL GROUP
A PROFESSIONAL LAW CORPORATION
71-861 HIGHWAY 111
RANCHO MIRAGE, CA 92270
TEL 760-862-9254 | FAX 760-862-1121

**DEMAND FOR JURY TRIAL**

Plaintiff CRYSTAL MARIE HANCOCK hereby makes a demand for a jury trial in this action.

WALTER CLARK LEGAL GROUP

By: */s/ Dan C. Bolton*
     Dan C. Bolton
     Attorneys for Plaintiff

COMPLAINT FOR DAMAGES